# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:06cr33-01

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| RYAN ALLEN SEQUOYAH. ) | |
| _____ ) | |

**THIS MATTER** coming on to be heard and being heard before the undersigned, pursuant to a motion entitled "Motion for Status of Counsel and for Withdrawal of Counsel" (#13) filed by the defendant's attorney, William E. Loose requesting that the court hold a hearing as to the status of counsel and based thereon to allow Mr. Loose to withdraw as counsel of record for the defendant. Upon the call of this matter on for hearing it appeared that the defendant was present, that Mr. Loose was present, and that the Government was represented through Assistant United States Attorney Tom Ascik and from the statements of Mr. Loose and the statements of the defendant, the court makes the following findings of fact:

**Findings**: Mr. Loose advised that on or before January 31, 2007 that he had been told by the defendant that the defendant's family had retained other counsel, that being attorney Chris Williams of Sylva, NC, and that based thereon the defendant had declined to participate in the defense of the case. Mr. Loose further told the court that he had been to see the defendant on at least three occasions to try to discuss the matter with the defendant. Mr. Loose had further contacted Mr. Williams' office but that Mr. Williams had advised Mr.

Loose that he, at the present time, was not representing the defendant due to the fact that the fee that he had set to be hired in the matter had not been paid by the defendant or the defendant's family members. The undersigned took a recess and contacted Mr. Williams' office. A gentleman at Mr. Williams' office advised that Mr. Williams was out of state and would not be returning to the state of North Carolina until February 14, 2007 but that Mr. Williams' partner had knowledge concerning the case and that if the fee was paid that either Mr. Williams or other attorneys in his office would represent the defendant.

Upon inquiry from the court, the defendant stated that he wished to have an attorney represent him in the case but that it was his opinion that he could not communicate with Mr. Loose. The defendant did not give any reasons as to why he had this opinion.

Upon inquiry, the undersigned found that this matter is set for trial during the session beginning on February 20, 2007 in Bryson City, NC which would be twenty days from the date of the filing of the motion filed by Mr. Loose and would be thirteen days from the date of the hearing of the motion, that being February 7, 2007.

**Discussion**: An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. United States v Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v Slappy, 461 Up. S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors:

1) timeliness of the motion; 2) inquiry as to the reasons why the defendant does not wish Mr. Loose to represent him further; and 3) whether or not there is such a conflict between the defendant and Mr. Loose that is so great that it has resulted in a total lack of communication preventing an adequate defense. United States v Gallop, 838 F.2d 105 (4th Cir. 1988).

At the time of the hearing of the defendant's motion there is only thirteen days that remain prior to the trial of this matter which is scheduled for February 20th. It is the opinion of the undersigned that there is not sufficient time within which to appoint another and for that attorney to be prepared for the trial of this matter on February 20, 2007. This factor must be weighed against granting the motion.

The undersigned has inquired as to the reasons for the conflict between the defendant and his attorney. After hearing from both Mr. Loose and the defendant, it appears that the defendant has been told by his mother not to sign any documents or cooperate with Mr. Loose because she and other family members are going to retain an attorney to represent the defendant. However, the defendant's mother, father or the defendant have not retained an attorney and have not paid an attorney to represent them. It appears from the statements of Mr. Loose that he has been performing his job in representing the defendant and that there is no basis for the defendant not cooperating with Mr. Loose in regard to the defendant. These factors must be weighed against allowing the motion.

The court has further examined the matter to determine whether or not there is such conflict between the defendant and Mr. Loose that there is a total lack of communication

between them preventing an adequate defense.  At this time, it does not appear to the undersigned that such a conflict exists between Mr. Loose and the defendant that would present an adequate defense.  The defendant is unwisely accepting the advise of his mother rather than the advise of Mr. Loose who is an experienced trial attorney.  Even if the defendant wishes to retain counsel, he should cooperate with the attorney who is presently representing him so that they can work together to prepare the case for trial if that is what the defendant wishes to have occur in regard to this matter.  By failing to cooperate with Mr. Loose in preparing for trial, the defendant is prejudicing himself.

After considering all the factors, it appears that there is little time before trial within which to appoint other counsel who has knowledge of the case that Mr. Loose possesses and that as a result of the inquiry made by the undersigned the undersigned can find no good reason for the appointment of another attorney and that there does not appear to be a lack of communication between Mr. Loose and the defendant that would prevent an adequate defense.  The decision of the defendant not to talk to Mr. Loose or assist Mr. Loose in the preparation of the case for trial is the defendant's own decision.

The undersigned will deny the motion to allow Mr. Loose to withdraw at this time.  Should the defendant retain an attorney, then the undersigned will, upon motion of Mr. Loose, immediately reconsider this matter and upon retained counsel filing a notice of appearance, the undersigned will consider Mr. Loose's motion to withdraw at that time.

**ORDER**

IT IS HEREBY **ORDERED** that the motion of the defendant entitled "Motion for Status of Counsel and for Withdrawal of Counsel" (#13) is hereby **DENIED.**

Signed: February 15, 2007

Dennis L. Howell
United States Magistrate Judge